UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| MICHAEL T. MANUEL-BEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:18-CV-293 NAB |
| | ) | |
| UNKNOWN PRUITT, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court upon the motion of plaintiff Michael T. Manuel-Bey (registration no. 274030), an inmate at Potosi Correctional Center, for leave to commence this action without payment of the required filing fee. For the reasons stated below, the Court finds that the plaintiff does not have sufficient funds to pay the entire filing fee and will assess an initial partial filing fee of $14.94. *See* 28 U.S.C. § 1915(b)(1). Furthermore, after reviewing the complaint, the Court will partially dismiss the complaint and will order the Clerk to issue process or cause process to be issued on the non-frivolous portions of the complaint.

**28 U.S.C. § 1915(b)(1)**

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these

monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. *Id.*

Plaintiff has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint. A review of plaintiff's account indicates an average monthly deposit of $74.71. Plaintiff has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $14.94, which is 20 percent of plaintiff's average monthly deposit.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989); *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right. *Spencer v. Rhodes,* 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), *aff'd* 826 F.2d 1059 (4th Cir. 1987). A complaint fails to state a claim if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

## The Complaint

Plaintiff brings this action pursuant to 42 U.S.C. § 1983 alleging violations of his civil rights. Named as defendants are: Unknown Pruitt (Caseworker); Unknown White (Functional Unit Manager); Unknown Browers (Bed Broker); Unknown Price (Functional Unit Manager); and John or Jane Doe Warden. Plaintiff brings this action against defendants in both their individual and official capacities.

Plaintiff states that he was forced to cell with three chain-smokers in November of 2017 at Potosi Correctional Center in violation of his medical lay-in. Plaintiff states that he complained about his cellmates smoking in the cell, in spite of the non-smoking policy at the prison, telling both Functional Unit Manager Price and Caseworker Pruitt.

Plaintiff asserts that he told both defendant Price and Pruitt that he needed to be moved from the assigned cell because he was a non-smoker and he had a non-smoking cell lay-in due to sinus issues. Plaintiff states that he asked Pruitt to be allowed to file a grievance about the issue, but Pruitt refused to give him a grievance. Plaintiff asserts that he filed a "missive" to the FUMs and the Warden regarding the issue, but they refused to answer the missive.

Plaintiff states that after complaining several times to Pruitt, Pruitt did tell him that he had spoken to Unknown White about the issue, and that he would put him on the list to move to "Six House." As of the filing of the complaint, plaintiff states that he had still not been moved from the smoking cell in accordance with his lay-in.

Plaintiff seeks monetary damages and injunctive relief in this action.

## Discussion

**A. 28 U.S.C. § 1915 Review**

The Court believes that plaintiff has alleged enough facts to pass 28 U.S.C. § 1915 review with respect to the fact that defendants Pruitt and Price allegedly disregarded his medical lay-in and/or his conditions of confinement when he told them that the non-smoking policy was not being enforced by his cellmates and that he needed to be moved to a different cell due to his sinus problems. Thus, the Court will issue process on plaintiff's Eighth Amendment claims against Price and Pruitt in their individual capacities only.

Naming a government official in his or her official capacity is the equivalent of naming the government entity that employs the official, in this case the State of Missouri. *Will v.*

*Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). "[N]either a State nor its officials acting in their official capacity are 'persons' under § 1983." *Id.* As a result, the complaint fails to state a claim upon which relief can be granted with respect to defendants Price and Pruitt in their official capacities, and these claims will be dismissed.

Plaintiff's claims against Browers and White will also be dismissed, as plaintiff has not alleged that these defendants were personally involved in or directly responsible for the incidents that injured plaintiff. *Martin v. Sargent,* 780 F.2d 1334, 1338 (8th Cir. 1985). Plaintiff does not allege that he directly complained to defendants White or Browers about the alleged violations and that they actively participated in violating his Constitutional rights. Rather, plaintiff simply states that Browers and White should have acted after they learned about the issue from others. *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990) ("Liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights."). Similarly, plaintiff's claim against Warden John or Jane Doe is subject to dismissal, as there is no supervisory liability under 42 U.S.C. § 1983. *Boyd v. Knox,* 47 F.3d 966, 968 (8th Cir. 1995) (respondeat superior theory inapplicable in § 1983 suits). Moreover, the Warden cannot be held responsible simply because the Warden failed to answer plaintiff's grievance/missive complaining of the failure to adhere to the lay-in. *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993) (a prison officials' failure to process or investigate grievances, without more, is not actionable under § 1983; grievance procedure is procedural right only and does not confer substantive right on inmate).

    **B. Review of Plaintiff's Proposed Order to Show Cause for Injunctive Relief [Doc. #7]**

On May 31, 2018, plaintiff submitted a proposed order "to show cause for preliminary injunction and temporary restraining order." [Doc. #7]. In his proposed order, plaintiff states that

he wishes to enjoin defendants from having gang members assault him at Potosi. Plaintiff also states that defendants Price and Browers appear to be acting in concert and should be "restrained from the machination of the plot to have the plaintiff maimed or killed." Alternatively, plaintiff seeks a transfer from Potosi Correctional Center.

In his memorandum attached to the proposed order, plaintiff states that in April of 2018, Price and Browers placed him on the workers list knowing he had an "active enemy unsigned waiver list." Plaintiff alleges that Price and Browers intentionally placed one of his enemies on his work shift and "compelled" him to get into a fight. Plaintiff states that it is his belief that these two defendants are part of the Family Values gang and could be acting in retaliation for filing the present lawsuit. Plaintiff has attached two copies of conduct violation reports to his proposed order, one dated March 20, 2018 and a second report dated May 21, 2019.

The first conduct violation report describes a multiple offender altercation, which included numerous inmates fighting during a med pass. According to the violation report, plaintiff was simply one inmate of many fighting. Neither Price's name nor Browers' name was mentioned in the report. In the second conduct violation report, plaintiff purportedly was observed assaulting an inmate during a work detail in a housing unit. Again, neither Price's name nor Browers' name was mentioned in the report.

"A court issues a preliminary injunction in a lawsuit to preserve the status quo and prevent irreparable harm until the court has an opportunity to rule on the lawsuit's merits. Thus, a party moving for a preliminary injunction must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint." *Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994). In this case, there is no relationship between the injury claimed in plaintiff's proposed order "to show cause for preliminary injunction and temporary restraining order" and the conduct relating to a violation of plaintiff's non-smoking

lay-in asserted in the complaint. Consequently, to the extent plaintiff's proposed order in Docket #7 can be construed as a motion for preliminary injunction, this request will be denied.

### C. Plaintiff's Motion for Material Facts

Last, the Court will address plaintiff's "Motion for Material Facts," [Doc. #5], which consists only of a copy of plaintiff's lay-in, as well as two affidavits from inmates who appear to be roommates with plaintiff. The Court does not accept discovery from parties unless submitted as an exhibit to a motion, such as a motion to dismiss or a motion for summary judgment. Because plaintiff's affidavits and copy of his lay-in were not submitted in support of a motion, the Court will deny the "Motion for Material Facts" at this time.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial filing fee of $14.94 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that if plaintiff fails to pay the initial partial filing fee within thirty (30) days of the date of this Order, then this case will be dismissed without prejudice.

**IT IS FURTHER ORDERED** that the Clerk shall issue process or cause process to issue upon the complaint as to defendants Functional Unit Manager Price at Potosi Correctional Center and Caseworker Pruitt at Potosi Correctional Center. These individuals are being sued in

their individual capacities only, and they shall be served in accordance with the waiver agreement the Court maintains with the Attorney General's Office

**IT IS FURTHER ORDERED** that, pursuant to 42 U.S.C. § 1997e(g)(2), defendants Functional Unit Manager Price at Potosi Correctional Center and Caseworker Pruitt at Potosi Correctional Center shall reply to plaintiff's claims within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint as to defendants Unknown Browers, Unknown White, and/or Warden John or Jane Doe because, as to these defendants, the complaint is legally frivolous or fails to state a claim upon which relief can be granted, or both.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue on the official capacity claims against defendants Unknown Price and Unknown Pruitt.

**IT IS FURTHER ORDERED** that plaintiff's pro se "Motion of Material Facts" [Doc. #5] is **DENIED WITHOUT PREJUDICE as the Court does not accept discovery**.

**IT IS FURTHER ORDERED** that plaintiff's request for injunctive relief [Doc. #7] is **DENIED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that this case is assigned to Track 5B: Prisoner Standard.

An Order of Partial Dismissal will accompany this Memorandum and Order.

Dated this 22nd day of August, 2018.

\s\ Jean C. Hamilton
JEAN C. HAMILTON
UNITED STATES DISTRICT JUDGE